## UNITED STATES of America, Plaintiff-Appellee,

v.

## James Milton RANKINS, Defendant-Appellant.

### No. 71–1036.

United States Court of Appeals, Sixth Circuit.

June 22, 1971.

Richard C. Porter, Jr. (Court Appointed), Louisville, Ky., for appellant.

W. Waverley Townes, Asst. U. S. Atty., Louisville, Ky., George J. Long, U. S. Atty., on the brief, for appellee.

Before EDWARDS and MILLER, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

Appellant in this case was charged in a two-count indictment and convicted after jury trial on both counts. The first count charged violations of 26 U.S.C. § 5861(c) (Supp. V 1965–69) (possession of a firearm which has been illegally manufactured) and 26 U.S.C. § 5861(d) (Supp. V 1965–69) (possession of the same firearm without registration).

The testimony at trial indicated that appellant had sold a carbine with a barrel length of 9½ inches, in violation of both of the sections of the statute referred to above. The District Judge sentenced appellant to two three-year concurrent terms, but then suspended sentence and placed him on probation.

On appeal the government concedes that two convictions under the fact pattern of this case would represent double jeopardy. See Smith v. Cox, 435 F.2d 453 (4th Cir. 1970). Hence, the government takes the position that it will not object to vacation of the conviction and sentence under Count 1.

Appellant also contends, however, that Counts 1 and 2 are so inextricably intertwined that the testimony given concerning Count 1 at the trial should be regarded as having prejudiced appellant's defense as to Count 2.

On consideration of the argument and the record in this case, we are unable to perceive that any evidence not admissible as to Count 2 was presented at the trial or that prejudicial error occurred in relation to appellant's conviction under said count.

The judgment of the District Court as to Count 1 is vacated; as to Count 2 the judgment of the District Court is affirmed.